Caldwell, J.
This action was brought by the plaintiffs against the defend-', ants,Joseph B. Covats and one Smith, to whom Covats deeded a certain lot. The action was brought to enjoin Covats from* entering upon the sale of whisky upon his lot which he bought from the Johnson Company. This lot is situated in an allotment mjade by the land company at the furnaces between here- and Lorain; it is now South Lorain, in the city of Lorain.
The petition avers the sale of the lot was 011 the condition that the lot was to revert in case the purchaser undertook to sell, whisky upon the property.
This was a covenant that would run with -the land, and if it was a coveaant that bound Covats, it was one that bound. Smith. It is not a personal covenant simply.
The only defense to this is, that while the Johnson Company,, and its predecessors in title, undertook to lay out here a large-allotment, and sell lots off according to a certain plan of wherewhisky should he sold and where it should not-be sold, that they did not follow out rigidly and carefully that plan in the sale-of land; and, in the second place, it has varied from that plan somewhat by allowing certain parties to enter upon and sell whisky where their deeds prohibited them, and they have done this for a consideration, and having sold a part of these lots,, it is no longer for the Johnson Company to say whether a man: could violate his covenant or not; that every owner of a lot in. the entire allotment has as much to say about that as the Johnson Company, and having taken upon itself to do this, it is now *208 ■«stopped from denying to one the privilege that has been extended' to some.
That is the defense. If that offense against the original plan was carried to a certain extent by the Johnson Company •it no doubt could be made a bar against them, but if the violation is only such as is necessary and is confined to a certain 'locality, and it keeps business away .from residence property generally, where it is "principally residence property, we think there is no waiver of this condition in other deeds.
It is charged that one party undertook to sell whisky and lie was enjoined or sued by the plaintiffs, and that they permitted him to sell thereafter, while he was building a block over on Tenth avenue, where he would be permitted to sell •whisky.
We find that there has been no variation by the plaintiffs from this original plan to amount to much, and it has only been in that locality where business purposes demanded it, and whfere it is for the benefit of not only business generally, but residence property as well, if this kind of business can ever be beneficial. It is better at least to keep it confined to a certain street than it is to allow it to scatter all over the allotment. We find there has been no waiver on the part of the plaintiffs .nor any one else in this provision of the deeds.
We find there have been no acts that will estop them from .enforcing it in this case.
That being- true it follows they have a right to enjoin this party from selling whisky upon this lot, and that is our judgment m the case.